# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 24-cr-00113-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JON M. HALLFORD,

    Defendant.

_____

# MINUTE ORDER
_____

**Entered by Judge Nina Y. Wang**

    This matter is before the Court sua sponte on the Plea Agreement tendered by the Parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. [Doc. 52]. Rule 11(c)(1)(C) permits the United States and Defendant to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Fed. R. Crim. P. 11(c)(1)(C). Importantly, under this provision, "such a recommendation or request binds the court once the court accepts the plea agreement." *Id.* In addition, Rule 11(c)(1)(A) allows the United States not to bring, or move to dismiss, other charges. Fed. R. Crim. P. 11(c)(1)(A).

    The United States Court of Appeals for the Tenth Circuit has explained that Rule 11 vests the decision to accept or reject a tendered plea to the sound judicial discretion of the Court. *See United States v. Carrigan*, 778 F.2d 1454, 1462 (10th Cir. 1985) ("There is no absolute right to have a guilty plea accepted, and a court may reject a plea in the exercise of sound judicial discretion." (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971))). Upon consideration of the Plea Agreement, [Doc. 52], the Presentence Investigation Report, Defendant's Objections to the Presentence Report, the Addendum to the Presentence Investigation Report, and the entire docket in this matter, this Court concludes that the Plea Agreement, which would bind this Court to the recommendation of the United States and Defendant, is not in the public interest. *Carrigan*, 778 F.2d at 1462. To the extent that the Court rejects a plea agreement of the type specified in Rule 11(c)(1)(A) or 11(c)(1)(C), the Court must do the following on the record and in open court:

    (A)   inform the parties that the Court rejects the plea agreement;

    (B)    advise the defendant personally that the Court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

    (C)    advise the defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Fed. R. Crim. P. 11(c)(5).  Therefore, **IT IS ORDERED** that:

    (1)    A Status Conference in this matter is **SET** for **March 4, 2025 at 1:30 p.m.**;

    (2)    The United States Marshals Service **SHALL TRANSPORT** Defendant Jon M. Hallford to Courtroom A-902 in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294 for this hearing; and

    (3)    Defendant Jon M. Hallford shall be prepared to either withdraw from the Plea Agreement or proceed pursuant to Rule 11(c)(1)(B).

DATED:  February 24, 2025